**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza*
*New York, New York 10278*

August 18, 2026

**BY ECF AND EMAIL**
Honorable Lorna G. Schofield
United States District Judge
Southern District of New York
Thurgood Marshall U.S. Courthouse
40 Foley Square
New York, NY 10007

**Re: *United States v. Yorvin Gomez*, 23 Cr. 411 (LGS)**

Dear Judge Schofield:

The Government respectfully writes to request that the Court exclude time from August 18, 2026 through August 25, 2026, the date of the status conference and chang-of-counsel hearing.

By way of background, on or about August 9, 2023, a grand jury sitting in this District returned an indictment charging the defendant with racketeering conspiracy (18 U.S.C. § 1962(d)); murder in aid of racketeering (18 U.S.C. §§ 1959(a)(1) and 2); and murder through the use of a firearm (18 U.S.C. §§ 924(j) and 2). On April 29, 2026, at Mr. Gomez's request, the Court appointed Jeffrey Pittell, Esq., as the defendant's new counsel. Within two weeks, the Government re-produced discovery to Mr. Pittell and soon after the parties began engaging in plea discussions. On August 14, 2026, Mr. Pittell filed a letter notifying the Court that Mr. Gomez was seeking a substitution of counsel. (Dkt. No. 78). Accordingly, the Court has adjourned the status conference to August 25, 2026, and scheduled a change-of-counsel hearing for the same date. (Dkt. No. 79).

The Government therefore asks, with the consent of defense counsel, that the Court exclude time under the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A). Such an exclusion is in the interests of justice and outweighs the interests of the defendant and the public in a speedy trial because it will allow time for the Court to consider and resolve the defendant's motion for substitution of counsel, Mr. Pittell to complete his review of the discovery, and the parties to continue their discussions regarding a potential pre-trial resolution.

Alternatively, the Government requests that the Court confirm that the defendant's motion for the appointment of new counsel is a pretrial motion that automatically results in the exclusion of time from the date of the filing of the motion through the date that the motion is resolved. *See* 18 U.S.C. § 3161(h)(1)(D) (requiring exclusion of time from "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion"); *United States v. Hammad*, 902 F.2d 1062, 1064 (2d Cir. 1990) ("We need not decide whether the district court's implied ends-of-justice exclusion was permissible since we find the time period properly excludable under the self-executing provision of §

3161(h)(1)(F)");[1] *United States v. Louis*, 814 F.2d 852, 857 (2d Cir. 1987) ("All delay between the filing of the motion to substitute counsel and the conclusion of the hearing on that motion properly was excluded.").

Respectfully submitted,

JAMES M. MCDONALD
United States Attorney for the
Southern District of New York

by: /s/ Timothy Ly
Timothy Ly
Assistant United States Attorney
(212) 637-1062

Cc: Jeffrey Pittell, Esq. (by ECF and Email)

Application Granted. The Court finds that the ends of justice served by excluding the time between today and August 25, 2026, outweigh the best interests of the public and the Defendant in a speedy trial as provided in 18 U.S.C. § 3161(h)(7)(A) because it will allow time for the Court to consider and resolve the defendant's motion for substitution of counsel. It is hereby ORDERED that the time between today and August 25, 2026, is excluded. The Clerk of the Court is directed to terminate the letter motion at docket number 80.

Dated: August 19, 2026
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

[1] In 2008, what was then § 3161(h)(1)(F) was relabeled to become the current § 3161(h)(1)(D).